UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDMUNDO A. ZUNIGA,<br><br>                Plaintiff,<br>v.<br>CHARLES DANIELS, *et al.*,<br>                Defendants. | Case No. 2:22-cv-01966-GMN-VCF<br><br>SCREENING ORDER |

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, and has filed an application to proceed *in forma pauperis*. (ECF Nos. 1-1, 1.) The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's civil rights complaint under 28 U.S.C. § 1915A.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a

claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining

whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple Defendants for events that took place while Plaintiff was incarcerated at Southern Desert Correctional Center ("SDCC"). (ECF No. 1-1 at 1.) Plaintiff sues Defendants Charles Daniels, John Borrowman, Steve Sisolak, Aaron Ford, Barbara K. Cegavske, Brian E. Williams, and Harold Wickham. (*Id.* at 1-4.) Plaintiff brings three counts and seeks monetary and declaratory relief. (*Id.* at 4-22.)

The complaint alleges the following: the Defendants have made automatic deductions from Plaintiff's primary trust transaction account to pay parole and probation for restitution owed per Plaintiff's judgment of conviction. (*Id.* at 5.) These deductions are contrary to Nevada law and rulings of the Nevada Supreme Court. (*Id.*) NDOC did not provide Plaintiff any opportunity to be heard before the deductions started. (*Id.*) During Plaintiff's sentencing, the judge did not make any reference to NDOC making automatic deductions for restitution or Plaintiff paying restitution to parole and probation. (*Id.*)

Plaintiff's judgment of conviction does not specify amounts lost by the "victim" or positively identify each victim to whom restitution is owed. (*Id.* at 7.) The Defendants cannot prove that the money taken from Plaintiff's account reflects specific amounts paid to specific victims of Plaintiff's judgment of conviction. (*Id.* at 6-7.)

In November 2018, Borrowman informed all NDOC inmates that Nevada voters had approved a constitutional amendment, and that NDOC would enforce the rule of law.

(*Id.* at 6.)  On August 28, 2020, Borrowman published a memorandum addressing changes to the percentages and deductions that would be taken from inmate accounts, effective on September 1, 2020. (*Id.* at 8.)  Borrowman was acting on behalf of NDOC director Charles Daniels, Governor Steve Sisloak, Attorney General Aaron Ford, and Secretary of State Barbara Cegavske. (*Id.*)

NDOC subsequently enacted AR 258, inmate fiscal procedures for inmate banking, which had an effective date of January 25, 2021. (*Id.*)  On January 25, 2021, Sisolak, Cegavske, Ford, and Daniels all appeared via zoom for a virtual meeting regarding AR 258. (*Id.*)  This was the second meeting because the October meeting was so chaotic that only a few people were able to speak. (*Id.*)  On February 26, 2021, NDOC circulated a memorandum noting changes that would be effective March 1, 2021. (*Id.*)  Seizing money from Plaintiff's account allowed Daniels to illegally "preform a 'judicial function' of issuing a 'writ of execution' against Plaintiff without authority of law." (*Id.* at 11.)

Based on these allegations, Plaintiff brings a Fourth Amendment claim, a Fifth Amendment claim, and due process and equal protection claims under the Fourteenth Amendment claim. (*Id.* at 12-16.)  The Court will consider these claims in turn.

**A. Fourth Amendment**

Plaintiff claims that taking money from his trust account constituted an illegal seizure under the Fourth Amendment. (ECF No. 1-1 at 12.)  But prisoners do not have a Fourth Amendment right to be free from the seizure of their personal property. *Hudson v. Palmer*, 468 U.S. 517, 536 (1984); *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir.1989).  As the Ninth Circuit explained, "[t]his does not mean a prisoner is without redress; it simply means a prisoner's form of redress is through the fifth and fourteenth amendments." *Taylor* 871 F.2d at 806.  Plaintiff cannot state a Fourth Amendment claim based on the allegation that money was taken from his trust account, and the Court dismisses this claim with prejudice as amendment would be futile. *See Ross v. Myrick*, No. 2:18-CV-00046-YY, 2018 WL 8059563, at *4 (D. Or. Dec. 26, 2018), *report and recommendation adopted*

4

*in part*, No. 2:18-CV-00046-YY, 2019 WL 1757518 (D. Or. Apr. 18, 2019), *aff'd*, 817 F. App'x 499 (9th Cir. 2020) (holding that "[a]n inmate does not have a Fourth Amendment right to be free from the seizure of funds from his trust account.")

### B. Fifth Amendment

Plaintiff brings a claim under the Takings Clause based on the allegations that the Defendants took money out of his inmate account without the authorization to do so. (ECF No. 1-1 at 14-15.)  "The Takings Clause of the Fifth Amendment prohibits the government from taking private property for public use without just compensation. This right is applicable to the states through the Due Process Clause of the Fourteenth Amendment." *Ward v. Ryan*, 623 F.3d 807, 810 (9th Cir. 2010) (citation omitted).

The Court finds that Plaintiff fails to state a colorable claim under the Takings Clause.  Plaintiff does not allege that his property was taken for public use.  Rather, Plaintiff alleges that money was taken to pay his restitution obligations.  Paying down Plaintiff's restitution obligations is not a public use.  Plaintiff also appears to suggest that the money might not have been properly remitted to victims of his crimes, and, in his request for relief, Plaintiff requests an investigation into whether the money has been embezzled. (ECF No. 1-1 at 21.)  To the extent that Plaintiff alleges that government officials stole his money, this is also not a public use.  Because Plaintiff does not allege that the money was taken for a public use, he does not state a colorable claim under the Takings Clause.  The Court dismisses this claim with prejudice as amendment would be futile.

### C. Fourteenth Amendment Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all similarly situated persons be treated equally under the law. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  In order to state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly

5

situated individuals without any rational basis for the disparate treatment. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

The Court finds that Plaintiff fails to state a colorable equal protection claim. Plaintiff does not allege that the Defendants acted with the intent and purpose to discriminate against him based upon his membership in a protected class. Nor does Plaintiff allege that the Defendants purposefully treated him differently than similarly situation individuals. To the contrary, based on the allegations in the complaint, it appears that the policies that Plaintiff is challenging were applied to all inmates equally. Accordingly, the Court dismisses Plaintiff's equal protection claim with prejudice, as amendment would be futile.

### D. Fourteenth Amendment Due Process Claim

Plaintiff claims that the Defendants violated his right to due process by taking money from his trust fund without "certain prior notice and process." (ECF No. 16 at 22.) While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful post-deprivation remedy is available for the loss. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982); *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).

The Court finds that Plaintiff fails to state a colorable due process claim. Plaintiff states that the Defendants actions were contrary to Nevada law and established Nevada Supreme Court precedent. Based on these allegations, the deprivations were intentional but not authorized. Plaintiff must pursue remedies for an unauthorized deprivation in state court. The Court dismisses any deprivation of property claim based on allegations of illegal, unauthorized conduct with prejudice, as amendment would be futile.

To the extent that the complaint can be liberally construed as alleging that the Defendants' actions were actually authorized, Plaintiff also does not state a colorable claim. The problem is that it is not clear from the complaint what established procedure, regulation, or statute was applied to withhold the funds. It is also not clear what due process was provided to Plaintiff through any such authorized procedure, or what additional due process Plaintiff believes he should have received.

Plaintiff alleges in conclusory fashion that he was not provided notice or an opportunity to be heard regarding deductions from his inmate account. But based on the allegations in the complaint, it appears that inmates were informed on multiple occasions about upcoming changes to policies regarding deductions from inmate accounts. Plaintiff also alleges that he filed grievances about the new policies, suggesting that he had an opportunity to challenge the new policies, or their applicability to him, before they went into effect. Plaintiff alleges that his grievances were denied, but the fact that his grievances were denied does not necessarily mean that he did not have a chance to be heard.

The Court dismisses any deprivation of property claim based on an intentional, authorized deprivation without prejudice and with leave to amend. If Plaintiff wishes to bring this claim in an amended complaint, he must articulate the established state procedures, regulations, or statutes that authorized the deprivations, and how those procedures failed to comport with the due process.

**III.     LEAVE TO AMEND**

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding

7

that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff will file the amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, this action will be dismissed for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, it is ordered that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

It is further order that the Clerk of the Court file Plaintiff's complaint (ECF No. 1-1) and send Plaintiff a courtesy copy of the complaint.

It is further ordered that Plaintiff's Fourth Amendment illegal seizure claim is dismissed with prejudice, as amendment would be futile.

It is further ordered that Plaintiff's claim under the Takings Clause is dismissed with prejudice, as amendment would be futile.

It is further ordered that Plaintiff's Fourteenth Amendment equal protection claim is dismissed with prejudice, as amendment would be futile.

It is further ordered that Plaintiff's Fourteenth Amendment due process claim based on an unauthorized deprivation of property is dismissed with prejudice, as amendment would be futile. Plaintiff must pursue any claims regarding an unauthorized deprivation of property in state court.

It is further ordered that any Fourteenth Amendment due process claim based an authorized deprivation of property is dismissed without prejudice and with leave to amend.

8

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff will file the amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint and instructions for the same. If Plaintiff chooses to file an amended complaint, he should use the approved form and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action will be dismissed for failure to state a claim.

DATED THIS 4 day of January, 2023.

_____
Gloria M. Navarro, Judge
United States District Court