UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDMUNDO A. ZUNIGA,<br><br>                          Plaintiff,<br>     v.<br><br>CHARLES DANIELS, *et al.*,<br><br>                          Defendants. | Case No. 2:22-cv-01966-GMN-VCF<br><br>SCREENING ORDER |

## I.  DISCUSSION

On January 4, 2023, the Court screened Plaintiff's complaint under 28 U.S.C. § 1915A. (ECF No. 3.)  The Court dismissed Plaintiff's Fourth Amendment, Fifth Amendment, and equal protection claims with prejudice and dismissed his due process claim without prejudice and with leave to file an amended complaint within 30 days. (*Id.* at 9.)  Plaintiff has filed a motion for reconsideration, or, in the alternative, an extension to file an amended complaint. (ECF Nos. 5.) Specifically, Plaintiff asks that the Court reconsider dismissal of his Fifth Amendment claim, as well as his equal protection and due process claims.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003).  Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

### A.  Fifth Amendment Claim

The Court dismissed Plaintiff's Fifth Amendment claim under the Takings Clause

1

because the complaint did not allege that money was taken from Plaintiff's account for a public use. (ECF No. 3 at 5-6.)  In his motion, Plaintiff argues that the Court should have more liberally construed the complaint as alleging that the money was for a public use because it was given to Parole and Probation, a public entity. (ECF No. 2.)  However, the question is not whether the money is given to a public entity, but rather, whether the money was taken for a public use.

To illustrate the distinction, the Courts notes that when it grants Plaintiff's application to proceed *in forma pauperis* in this case, money will be taken from Plaintiff's account, and sent to this court, a public entity, to pay the $402 filing fee.  The money will be sent to a public entity, but it will not be used for a public purpose.  Rather, it will be used to satisfy Plaintiff's obligation to pay the $402 filing fee, a private purpose.

Similarly, if money is deducted from Plaintiff's account and transferred to Parole and Probation to pay off Plaintiff's restitution obligation, the money is not used for a public purpose.  Paying off Plaintiff's restitution obligation is a private purpose.  In the complaint, Plaintiff alleges that it is not clear whether the money is actually going to pay his restitution obligation and that the money may not have been embezzled by NDOC officials. (ECF No. 1-1 at 21.)  But even if this is true, the money has not been taken for public use, it has been stolen.  Plaintiff does not allege any public use of the money in either the complaint, or his motion.  Accordingly, the Court denies the request to reconsider dismissing Plaintiff's claim under the Takings Clause.  However, if Plaintiff believes that he can state a colorable claim under the Takings Clause in a first amended complaint, the Court will consider the claim again when screening the first amended complaint.

**B. Equal Protection Claim**

The Court dismissed Plaintiff's equal protection claim because he did not allege that he was treated differently than similarly situated individuals. (ECF No. 3 at 6-7.)  In his motion, Plaintiff newly alleges that policies regarding restitution were not applied equally because individuals who were on parole, rather than in prison, did not face the same restitution policies. (*Id.*)

New allegations, which were not include in the complaint, are not a basis to reconsider whether the complaint stated a colorable claim. Accordingly, the Court denies Plaintiff's request to reconsider dismissing his equal protection claim. However, if Plaintiff believes that he can state a colorable equal protection claim in a first amended complaint, the Court will consider the claim again when screening the first amended complaint.

However, in the interest of judicial efficiency, the Court notes that Plaintiff, as a prisoner, is not similarly situated to individuals who are on parole. The allegation that prisoners and parolees are treated differently does not support a colorable equal protection claim because prisoners and parolees are not similarly situated. In order to support a colorable claim, Plaintiff must allege that a Defendant or Defendants treated Plaintiff differently from similarly situated individuals.

**C. Due Process Claim**

The Court dismissed Plaintiff's due process claim because throughout the complaint he alleged that the Defendants were acting illegally and contrary to Nevada law, and Plaintiff cannot state a due process claim based on an unauthorized deprivation of property if he has a meaningful post deprivation remedy. (ECF No. 3 at 7-8.) In his motion, Plaintiff appears to argue that he does not have a meaningful post deprivation remedy because his grievances were denied. (ECF No. 5 at 4.) But, to the extent that the Defendants' actions are illegal under Nevada law, as Plaintiff alleges, his post deprivation remedy is via state courts. *See* Nev. Rev. Stat. § 41.0322 (setting forth guidelines for actions by persons in custody of the NDOC to recover compensation for loss or injury).

Plaintiff asserts that under Nevada Supreme Court precedent the Defendants' actions were illegal and that this Court is bound to enforce Nevada Supreme Court precedent. Plaintiff is mistaken. If Plaintiff is seeking to enforce Nevada law, he must bring his claims in Nevada State Court. The question for this Court is not whether the Defendants violated Nevada law, but whether Plaintiff has a colorable due process claim. As the Court has already explained, an unauthorized deprivation of property does not

3

give rise to a colorable due process claim. Additionally, allegations that a defendant violated state law are not sufficient to state a claim for violation of the Fourteenth Amendment's due process clause. *See Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (holding that "a 'mere error of state law' is not a denial of due process").

Plaintiff directs the Court's attention to two cases, *Montanez v. Sec'y Pennsylvania Dep't of Corr.*, 773 F.3d 472 (3d Cir. 2014) and *United States v. Doe*, 374 F.3d 851, 855 (9th Cir. 2004). Doe deals with the direct appeal of a restitution order from an inmate convicted in federal court, and it is entirely inapplicable to Plaintiff's due process claim. *Montanez* deals with automatic deductions from an inmate's prison account by the Pennsylvania Department of Corrections. But those the deductions were legal under Pennsylvania law, and therefore the deductions constituted an authorized deprivation of property. In contrast, Plaintiff alleges that the deductions in this case were illegal under Nevada law, and therefore unauthorized.

Furthermore, the Court notes that in *Montanez*, the Third Circuit found that inmates should be provided notice of the policy, the total amount that will be deducted from their accounts, and some opportunity to object in order to prevent against the possibility of an error. 773 F.3d at 485-86. But in the complaint, Plaintiff alleges that he received notice of the policy, and it appears that he was able to object through the grievance system. As such, even if the Court were to construe the deprivation as authorized, the complaint does not support a due process claim. However, the complaint is not clear on exactly what process Plaintiff received before money was deducted from his account. As the Court stated in its screening order, if Plaintiff wishes to bring a due process claim based on an authorized deprivation of property, he must state what process he was provided prior to the authorized deprivation and why that process was inadequate.

Finally, the Plaintiff attached an order from a Nevada State District Court, dated November 8, 2022. Based on the order, it appears that Plaintiff challenged the restitution ordered in his judgment of conviction on the grounds that the order directed money to be paid to Parole and Probation on behalf of the victim's father for cremation services. (ECF

No. 5 at 7.)  The State District Court found that the restitution order should have named that victim's father, rather than Parole and Probation, but concluded that the judgment was not illegal, and that Plaintiff is not entitled to have restitution set aside. (*Id.* at 7-12.) The State District Court directed that an amended judgment and sentence be filed naming the victim's father. (*Id.* at)  It is not clear why Plaintiff attached this order, but based on this order, it appears that Plaintiff the State District Court has confirmed that Plaintiff must pay restitution.  To the extent that Plaintiff wishes to challenge the State District Court's order, he must file an appeal in state court.  This court cannot overturn the State District Court's order.

### D.  Request for Extension

Plaintiff asks that the Court grant him an extension to file a first amended complaint. (ECF No. 6 at 5.)  The Court will give Plaintiff until April 1, 2023, to file any amended complaint.

### I.    CONCLUSION

 For the foregoing reasons, it is ordered that Plaintiff's motion for reconsideration (ECF No. 5) is denied.

It is further order that the Court grants Plaintiff an extension until April 1, 2023, to file any first amended complaint.

It is further ordered that, pursuant to the Court's previous screening order, if Plaintiff fails to file an amended complaint by April 1, 2023, this action will be dismissed for failure to state a claim.

DATED THIS <u>30</u> day of January 2023.

_____
Gloria M. Navarro, Judge
United States District Court